TAYLOR-WHITE EXTRACTING COMPANY, PROSECUTOR, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT.

Argued January 18, 1927—Decided February 7, 1927.

Eminent Domain—State Highway Purposes—Certiorari to Review Proceedings of Commissioners—Two Reasons Alleged in Prosecutor's Brief: First, That There was Question Regarding Sufficiency of Petition and Authorizing Resolution; Second, That There was Question Whether Property was to be Used For Road Purposes—Held, That There was No Justification For First Reason and That the Facts Seemed to Establish That the Property was Clearly to be Used For Road Purposes.

On *certiorari*.

Before Justices BLACK and CAMPBELL.

For the prosecutor, *Starr, Summerill & Lloyd*.

For the defendant, *Edward L. Katzenbach*, attorney-general, and *Fred W. De Voe*, assistant attorney-general.

PER CURIAM.

A *certiorari* was allowed by Mr. Justice Katzenbach on June 16th, 1926, to review an order made by him on the petition of the state highway commission of the State of New Jersey, dated March 29th, 1926, appointing commissioners to examine and appraise lands required to be taken by the state for a public use in the construction of the state highway in the city of Camden. The writ was allowed upon condition that it shall not operate as a stay of the proceedings under review.

The prosecutor writes down eleven reasons for setting aside the order.

These are argued under two heads in the prosecutor's brief—

*First.* Whether the form and contents of the petition and the resolution authorizing the action are sufficient to justify the appointment of the commissioners.

*Second.* There is no authority under the law to justify the commission in taking lands of the prosecutor for any other purpose, than for the construction of a highway. This latter goes to the purpose of the condemnation and the ultimate use and disposition of the property sought to be condemned.

As to the first point: All jurisdictional facts are alleged and shown in the petition. It recites that the land is to be taken for the purposes recited therein, to wit, the construction, maintenance and repair of a state highway. The petition complies with the statute; the Eminent Domain act; 2 *Comp. Stat. of N. J.*, p. 2183, § 2; *Pamph. L.* 1900, p. 79. This is sufficient, *Philadelphia, &c., Ferry Co.* v. *Inter-City Link Railroad Co.*, 73 *N. J. L.* 96; *affirmed,* 74 *Id.* 594.

The petition and proofs presented to the justice are not required to make recitals of matters which the Eminent Domain act does not require to be set forth, such recitals are not essential. *Id.*

So, the resolution authorizing condemnation is in accordance with section 1 of the above act. 2 *Comp. Stat. of N. J.*, p. 2182, § 1. The commission was appointed by an order of the Supreme Court justice on March 29th, 1926; the *certiorari*

was allowed on June 16th, 1926, rather late to raise questions as to form or substance of the petition and resolution. There is no legal merit in this point. The prosecutor can take nothing under this head.

The petition of the state highway commission, to which is attached a map or diagram, describes the land to be taken as parcels 50*A* and 50*B*; also, described by metes and bounds containing eighty-nine thousand five hundred and fifty-one square feet of land. This is the same land as is designated by the numbers 50, 52, 55, 56, 57 and 58. Testimony taken under the rule of the Supreme Court which by consent is to be considered under the writ of *certiorari*. A proposed agreement was put in evidence and designated as entrance road section 2, parcels Nos. 50, 52, 55, 56, 57 and 58, *Ex. P 2*, between the Taylor-White Extracting Company and the State of New Jersey. This agreement provides that the Taylor-White Extracting Company will convey parcel No. 52 to the state highway commission. Parcel No. 55 to the state board of commerce and navigation. Parcels Nos. 50 and 56 to the South Jersey Gas and Electric and Traction Company. Parcels Nos. 57 and 58 to the S. H. French Company.

The agreement is conditioned upon the final acceptance of the proposed location of the highway after final approval of the plans by the United States war department.

The point made by the prosecutor is that parcels 50, 56, 57 and 58 are outside the graded limits of the highway, the graded limits of the highway being within the bounds of parcel 52, but the state highway engineer has determined that such parcels are necessary for the support of the new road. This is within the discretion of the commission.

The construction plans for such new road show that the sides of the road are to be sloped to or beyond the limits of parcels Nos. 50, 56, 57 and 58.

The powers of the state highway commission are found in *Pamph. L.* 1923, *p.* 521 (*e*), to construct, build, improve, widen straighten, &c., "and for any use incident thereto or connected therewith, to acquire any lands," &c., "by gift, devise, purchase or by condemnation," &c. These powers have

17

been upheld by this court in Cox v. *State Highway Commission*. 4 *N. J. Mis. R.* 510. The act should be liberally construed to effect the purpose of the act for building of state highways.

We find no legal reason for disturbing these proceedings. The land is being taken for the public benefit and taken in accordance with the statute. The machinery of the law is adequate to provide just compensation for the value of the land taken and damages to the remainder, if any. The general scheme has been agreed upon, and to use the words of the brief of the attorney-general: "No one citizen should be permitted to upset these proceedings for any technical reason which does not interfere with his substantial rights."

The writ of *certiorari* is dismissed, with costs.