CAMDEN FORGE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. COUNTY PARK COMMISSION OF CAMDEN COUNTY AND CHARLES F. WISE, CLERK OF THE COUNTY OF CAMDEN, RESPONDENTS.

Submitted May term, 1936—Decided July 25, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the prosecutor, *George D. Rothermel.*

For the respondents, *William B. Knight* and *Henry M. Evans.*

The opinion of the court was delivered by

PERSKIE, J. The writ of *certiorari* in this cause brings up for review the condemnation proceedings instituted by respondent county park commission of Camden county against prosecutor. The facts are not controverted. Respondent is the creature of statute which was adopted by a popular vote. *Pamph. L.* 1926, *ch.* 331; *Cum. Supp. Comp. Stat.* 1925-1930, *pp.* 1468, 1481, §§ 165-212 *et seq.* (An act to establish public parks in certain counties in this state and to regulate same), and the several amendments thereto and supplements thereof. Pursuant to authority vested in respondent of acquiring and developing lands for public parks and open spaces, it did, by formal resolution, on September 1st, 1927, resolve, as a matter of policy: (1) To develop "Cooper River Valley from Camden to Haddonfield or beyond." (2) To establish a park in the vicinity of Gloucester City. (3) To establish a park in the lower part of Camden.

We are told that the last two projects have been completed. And in order to complete the first project, it is necessary to acquire the land sought to be condemned in this proceeding (16.963 acres) in addition to three other parcels the total area of which is 19.33 acres.

We learn that respondent has acquired either by dedication, purchase or condemnation all of the north bank of

Cooper river consisting of some twenty-nine parcels of about 218.36 acres lying between Camden and Haddonfield (Delaware township being in the intervening territory); that the lands owned by prosecutor and sought to be condemned are along the north bank of the Cooper river about midway between Camden and Haddonfield, and that the lands along the river bank cannot be made continuous unless respondent acquires the lands which are the subject-matter of this litigation and a tract of 3.9 acres adjoining the Camden Forge Company's lands; that no assessment for benefits accruing from the improvement is contemplated against prosecutor, that when the lands are acquired respondent proposes to extend a fifty-foot park drive through the property running from Camden to Haddonfield; that there still remains a fifteen-foot strip between the northerly edge of said proposed park drive and remaining lands of prosecutor; that prosecutor refused to accept respondent's offer of $6,000 for its premises.

Prosecutor answers in several ways none of which we think is meritorious.

*First:* Prosecutor argues that no *bona fide* offer was made for its property. That argument is made to rest upon the theory that the offer was for a purchase in fee-simple while the prayer in the petition of condemnation was for a title less than a fee-simple. It is, of course, the settled law that a fee-simple cannot be acquired by condemnation. *Frelinghuysen* v. *State Highway Commission,* 107 *N. J. L.* 218; 152 *Atl. Rep.* 79; *affirmed,* 108 *N. J. L.* 403; 158 *Atl. Rep.* 465. But that is beside the point. Under section 2, chapter 331, *Pamph. L.* 1926, *p.* 738; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1470, § 165-213 *sub.* 2, the commission is given power, among other things, "to take in fee and otherwise, by purchase, gift, devise or eminent domain lands and right in lands for public park and open spaces within said county." And under section 4 of the same act it is provided that if the commission or its agents cannot agree with the owner "as to the price and terms of the purchase thereof," then procedure in condemnation as outlined must be followed. If a purchase

of the land is consummated no resort is had to condemnation. But when, as here, the latter procedure is followed, the title sought to be acquired to the lands as set forth in the instant petition must be less than a fee-simple. *Frelinghuysen* v. *State Highway Commission, supra.* Clearly the two methods are not in conflict. Nothing is made to appear from which the *bona fides* of the offer to purchase can be successfully challenged.

*Second:* Prosecutor next contends the petition filed in the condemnation proceedings is defective and invalid in that the exact estate to be gained is not set forth and no use to which the land is to be put is mentioned.

*Pamph. L.* 1926, *ch.* 331, § 4; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1471, § 165-215, *sub.* 4, requires that a description in writing of the lands shall be presented with the petition. See *National Docks Railway Co.* v. *United New Jersey Railroad Co.*, 52 *N. J. Eq.* 366; 28 *Atl. Rep.* 673; *affirmed,* 52 *N. J. Eq.* 552; 30 *Atl. Rep.* 581. A detailed description, by metes and bounds, of the lands to be acquired is attached to the petition. In addition thereto there is stated the total acreage, 16.93 more or less; the topographical character of the land, high land 10.612 acres, more or less, marsh land 6.351 acres, more or less. There is also attached a blueprint of the plan of the proposed land to be taken. The purpose of the taking is clearly shown. Respondent's petition sets forth in detail the necessary prerequisites to invoke its statutory right of condemnation.

*Third:* Prosecutor next contends that the statute under which these proceedings are instituted (*Pamph. L.* 1926, *ch.* 331, as amended and supplemented; *Cum. Supp. Comp. Stat.* 1925-1930, *pp.* 1468 *et seq.*, §§ 165-212 *et seq.*) and particularly the power therein conferred upon the commission to condemn lands either for park purposes or for roadway purposes is unconstitutional and void.

(a) It is urged that under section 7 of this act (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1473, § 165-218, *sub.* 7) it would be possible for the commission to take private lands for the purpose of a roadway or boulevard and in the condemna-

tion proceedings instituted to acquire this land, make the property owner pay an assessment rather than pay him compensation. This, points out the prosecutor, may well result since section 7 of this act gives the commission authority to determine whether by laying this boulevard or roadway any benefits are conferred upon the property owners, and if so, to assess such owners to the extent of the benefits conferred. This, it is claimed, would be a deprivation of private property for public use without just compensation, and, therefore, in contravention of both the United States and the New Jersey constitutions. Be that as it may, it is a sufficient answer to that argument to mark the fact that the instant proceeding is under section 4 of chapter 331, *Pamph. L.* 1926, and not under section 7 thereof, *supra*. The petition, however, specifically alleges that no assessment of benefits is contemplated. Obviously it follows then that the prosecutor is not affected by section 7 which provides for an assessment or by sections 8, 10 and 12 (*Cum. Supp. Comp. Stat.* 1925-1930, *pp.* 1473, 1475, §§ 165-218, 219, 221, 223) which provide respectively for a reduction of the amount of benefits conferred from the condemnation price; for the collection of assessments; and for the method of collecting assessments. None of prosecutor's constitutional rights is impaired.

*Fourth:* Prosecutor's final contention is that the preliminary proceedings of the respondent do not comply with the requirements of the statute. Particular reference is made to section 3 (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1470, § 165-214) which requires the commission to take the following steps: (1) determine upon the location and quantity of land to be included in any park or place; (2) cause a survey thereof to be made and a map showing the lands to be embraced therein which map must be kept at the office of the commission; (3) the boundary lines for such park or place are required to be recorded in a book to be kept by the board; (4) before laying out and opening any roadway, parkway or boulevard, they must cause a survey to be made and a map to be filed showing the *termini* of the said roadway, parkway, &c., including the names of the owners of the lands and the streets or roads included.

The resolution of the commission under date of January 2d, 1936, which resolution is, by stipulation, a part of the record, clearly sets forth the location and quantity of land to be acquired. It also discloses that a survey and a map have been made and adopted. We are of the opinion that the statutory procedure has been adequately and fully observed. See *Taylor-White Extracting Co.* v. *State Highway Commission,* 5 *N. J. Mis. R.* 255; 136 *Atl. Rep.* 183; *affirmed,* 105 *N. J. L.* 498; 144 *Atl. Rep.* 921, wherein it was held at page 258 of 5 *N. J. Mis. R.*:

"We find no legal reason for disturbing these proceedings. The land is being taken for the public benefit and taken in accordance with the statute. * * * 'No one citizen should be permitted to reject these proceedings for any technical reason which does not interfere with his substantial rights.' "

The writ of *certiorari* is discharged, with costs.